UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAYLE LEBEAU | * | |
| | * | CIVIL ACTION NO. _____ |
| Plaintiffs | * | |
| | * | SECTION: _____ |
| VERSUS | * | |
| | * | DISTRICT JUDGE: _____ |
| HUNTINGTON INGALLS INCORPORATED; | * | |
| TAYLOR SEIDENBACH, INC.; EAGLE, INC.; | * | MAG. JUDGE: _____ |
| MCCARTY CORPORATION; CERTAIN | * | |
| UNDERWRITERS AT LLOYD'S LONDON; | * | |
| HOPEMAN BROTHERS, INC.; LIBERTY | * | |
| MUTUAL INSURANCE CO.; INTERNATIONAL | * | |
| PAPER CO.; BERKSHIRE HATHAWAY | * | |
| SPECIALTY INSURACNE COMPANY; | * | |
| LAMORAK INSURANCE COMPANY; CBS | * | |
| CORPORATION; ALBERT BOSSIER; THE | * | |
| TRAVELERS INSURANCE COMPANY | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated, f/k/a Northrop Grumman Shipbuilding Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc. (hereinafter "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2019-11819 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana.

1.

This Court has subject matter jurisdiction because the State Case is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1).

00888067

2.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

3.

On November 2, 2019, Plaintiff, Gayle LeBeau, filed a Petition for Damages in the suit bearing Case No. 2019-11819 in Civil District Court for the Parish of Orleans, naming Avondale as a defendant.[1] The Petition alleges that Gayle LeBeau was diagnosed with mesothelioma as a result of exposure to asbestos from the work clothes of his father, Louis Roy LeBeau, Sr., and the work clothes of his brother, Elwin LeBeau, who both worked at Avondale.[2] The Petition alleges Louis Roy LeBeau, Sr. worked at Avondale as a tacker in 1971 and as a welder from 1965 to 1971 and that Elwin LeBeau worked as a sheet metal helper from November 1965 to 1971.[3] The Petition makes broad allegations of exposure to asbestos attributable to Avondale, but does not specifically link Plaintiff's alleged exposures to any vessels that Avondale built, refurbished, or repaired for the United States government.

4.

On August 20, 2022, Plaintiff produced an expert report from Dr. James Bruce.[4] Subsequently, on September 22, 2022, Plaintiff produced a supplemental report from Dr. Bruce,[5] followed by a production of a letter Plaintiff's counsel sent to Dr. Bruce[6] and additional reliance materials on September 23, 2022.[7]

---

[1] Exhibit A, Petition for Damages.
[2] *Id.* ¶¶ 18-19.
[3] *Id.* ¶ 19.
[4] Exhibit B, Expert Report of Dr. James Bruce.
[5] Exhibit C, Supplemental Expert Report of Dr. James Bruce.
[6] Exhibit D, Plaintiff's Counsel's letter to Dr. James Bruce, Dated September 15, 2022.
[7] Exhibit E, Email Correspondence from Plaintiff's Counsel containing additional reliance materials from Dr. James Bruce dated September 23, 2022.

5.

Mr. LeBeau's brother, Elwin LeBeau, one of Plaintiff's alleged sources of exposure, was not deposed in this matter.[8] In the letter dated September 15, 2022, from Plaintiff's counsel to Dr. Bruce, Plaintiff's counsel describes that, although Elwin LeBeau's deposition was not taken, they were providing Dr. Bruce with the depositions of two former Avondale sheet metal workers named Clarence Gallien and Andrew Morgan.[9] Plaintiff's counsel then states in the letter: "Although we do not ask you [Dr. Bruce] to assume that Mr. Elwin LeBeau's work aboard ships at Avondale would have matched Mr. Gallien and Mr. Morgan's work word for word, we will ask you to assume for the purpose of your medical testimony that Mr. Elwin LeBeau would have been exposed to asbestos dust while working aboard ships at Avondale during this time period, if not through his own work than from the work of others around him."[10]

6.

In Clarence Gallien's deposition, he testified that he worked at Avondale from 1968 to 1973 as a sheet metal mechanic.[11] He testified that he worked aboard Coast Guard Cutters and U.S. Navy Destroyer Escorts ("D.E.s") where he believed he was exposed to asbestos dust.[12] Mr. Gallien did not identify any other vessels which he worked aboard at Avondale.

7.

In Andrew Morgan's deposition, he testified that he worked at Avondale from 1970 to 1974 as a laborer, sheet metal helper, and a sheet metal fitter.[13] Mr. Morgan testified that he worked

---

[8] Exhibit D at p. 1.
[9] *Id.*; Exhibit F, Deposition of Clarence Gallien, taken on May 5, 2015 in *Gallien v. Huntington Ingalls Industries, et al.*, CDC, No. 2015-31636; Exhibit G, Deposition of Andrew Morgan, taken on January 25, 2016 in *Gallien v. Huntington Ingalls Industries, et al.*, CDC, No. 2015-31636.
[10] Exhibit D at p. 1.
[11] Exhibit F at pp. 55, 76-77, 144-145, 211.
[12] *Id.* at p. 211.
[13] Exhibit G at pp. 10-11, 14, 63, 97.

aboard D.E.s and a "boat carrier" while at Avondale.[14] Mr. Morgan did not identify any other vessels which he worked aboard at Avondale.

8.

Plaintiff has analogized Mr. Elwin LeBeau's employment to that of Mr. Gallien and Mr. Morgan, both of whom testified that they worked almost exclusively aboard vessels constructed for the Federal Government, i.e. U.S. Navy D.E.s and U.S. Coast Guard Cutters. By instructing his expert, Dr. Bruce, to generally assume that Mr. Elwin LeBeau's work experience was similar to that of Mr. Gallier and Mr. Morgan, Plaintiff has placed the federal vessels those men worked aboard at issue for the first time. Therefore, because this is the only evidence provided by Plaintiff of Mr. Elwin LeBeau's alleged sources of exposure to asbestos at Avondale, it follows that Plaintiff is alleging exposure to asbestos from these types of vessels.

9.

Moreover, in addition to Plaintiff directly instructing his expert that his brother's work was generally equivalent to the work performed by Mr. Gallier and Mr. Morgan on federal vessels, during the relevant Avondale employment period, 1965 to 1971, approximately 74 of the 76 vessels under construction at Avondale's Main Yard—97 percent—were constructed pursuant to contracts with the federal government. More specifically, Avondale was constructing vessels built pursuant to contracts with the United States Navy, United States Coast Guard, and the United States Maritime Administration ("MARAD"). These vessels included U.S. Navy Destroyer Escorts, U.S. Coast Guard Cutters, and Lykes vessels constructed for MARAD (collectively, the "Federal Vessels"). These vessels were built with asbestos-containing products and materials pursuant to the Navy's, Coast Guard's, and MARAD's requirements and terms of the contracts.

---

[14] Exhibit G at pp. 11, 61-62, 73-75.

Thus, to the extent Plaintiff is alleging exposure to asbestos-containing materials from ships built at Avondale during this time, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy, U.S. Coast Guard, and MARAD vessels pursuant to the contracts Avondale held with the United States government.

10.

These Federal Vessels were built with asbestos-containing products and materials pursuant to the U.S. Government's requirements. Thus, to the extent Plaintiff is alleging exposure from asbestos-containing products at Avondale during this time, such exposure is necessarily attributable to asbestos-containing products required and destined for use in the construction of these Federal Vessels.

11.

Thus, the direction from Plaintiff to his expert, Dr. James Bruce, to generally assume that Mr. Elwin LeBeau's work at Avondale was similar to that of Mr. Gallier and Mr. Morgan, both of whom only identified federal vessels, reveals for the first time that Plaintiff is claiming exposure to asbestos at Avondale attributable, in part, to asbestos used and installed on Federal Vessels at Avondale, pursuant to Avondale's contracts with the federal government. *See, e.g., Bourgeois v. Huntington Ingalls, Inc.,* No. 20-1002, 2020 WL 2488026 at *10 (E.D. La. May 14, 2020) ("Under the broad reading of 'relating to' *Latiolais* dictates, … the evidence that six Navy vessels were under construction while Bourgeois worked at Avondale, tend to show that Bourgeois was likely exposed to asbestos used under the direction of a federal officer, thereby satisfying the connection prong") (Ashe, J.); *Ragusa v. Louisiana Insurance Guaranty Association,* 573 F. Supp. 3d 1046, 1052 (E.D. La. Nov. 23, 2021) ("Under the broad reading of the connection prong, the evidence that at least two federal vessels were under construction during the time of the alleged exposure

tends to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer") (Barbier, J.).

12.

This removal is being filed on September 29, 2022, within thirty (30) days of the receipt of Plaintiff's letter to Dr. Bruce on September 23, 2022.[15]

13.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

14.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

15.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the U.S. Navy Destroyer Escorts and U.S. Coast Guard Cutters pursuant to contracts with the U.S. Navy and U.S. Coast Guard, because the federal government contracted with Avondale to perform a task that the government otherwise would itself have had to perform – namely, to build ships "used to help conduct a war" and to further other national interests. *E.g., Watson v. Philip Morris Companies, Inc.,* 551 U.S. 142, 154-54

---

[15] *See* Exhibit D and Exhibit E.

(2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

16.

Avondale was also "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Lykes vessels pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co*., No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

17.

If Gayle LeBeau was exposed to asbestos from the work clothes of his father and brother who performed work in conjunction with the construction of the Federal Vessels as alleged, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

18.

Plaintiffs' claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged

conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

19.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the United States government.

20.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the vessel construction contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

21.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD.

22.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels.  If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government

could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

23.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

24.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

25.

The United States government also promulgated specific safety rules, regulations, and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh Healey Public Contracts Act, the Occupational Health and Safety Act, and the United States Department of Labor Safety and Health Regulations for Shipbuilding (29 C.F.R. § 1502.1), which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941.  Avondale was guided by and required to comply with these safety regulations during construction of the Federal Vessels.  Federal safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

26.

Avondale raises two colorable federal defenses to one or more of Plaintiffs' claims in this action. First, one or more of Plaintiffs' claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiffs' negligence claims relate to the acts performed under color of federal office.

27.

The reasonably precise design specifications established by the U.S. Navy, U.S. Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

28.

Second, Plaintiffs' claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

29.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant.  *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

30.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiffs, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

31.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case.  28 U.S.C. §§ 1446(a), (d).  In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

**ACCORDINGLY**, Avondale gives notice that the proceeding bearing 2019-11819 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE, LLC**

*/s/ David M. Melancon*
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (#23216)
Edward W. Trapolin (#27667)
M. Scott Minyard (#31879)
Alison A. Spindler (#34103)
Laura A. Leggette (#35882)
Connor W. Peth (#39499)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504-310-2100
Facsimile: 504-310-2101

***Counsel for Huntington Ingalls Incorporated***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 29th day of September, 2022.

*/s/ David M. Melancon*