UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYLE J. LEBEAU, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-3557** |
| **HUNTINGTON INGALLS INC., et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Crystal LeBeau Islam and Paula LeBeau's (collectively, "Plaintiffs") "Motion to Remand."[1] In this litigation, Plaintiffs allege that Decedent Gayle J. LeBeau ("Decedent") was exposed to asbestos carried home by his father, Louis Roy LeBeau, Sr., ("Louis") and brother, Elwin LeBeau, ("Elwin") (collectively, the "Family Employees") who were exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies through employment with Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale").[2] After Avondale removed the suit from state court,[3] Plaintiffs filed the instant "Motion to Remand" on October 31, 2022.[4] On November 8, 2022, Avondale filed an opposition

---

[1] Rec. Doc. 8.

[2] *See* Rec. Doc. 1-2 at 5–6. Specifically, Plaintiffs bring claims against Avondale, Hopeman Brothers Inc., Liberty Mutual Insurance Co., International Paper Co., The Travelers Insurance Co., Taylor-Seidenbach, Inc., Eagle, Inc. (f/k/a Eagle Asbestos & Packing Co., Inc.), McCarty Corp., (f/k/a McCarty-Branton, Inc.), Certain Underwriters at Lloyd's London, Berkshire Hathaway Specialty Insurance Co. (formerly Stonewall Insurance Co.), Lamorak Insurance Co., CBS Corp. (successor-in-interest to Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation), and Albert Bossier. *Id*. at 1, 3–5.

[3] *See* Rec. Doc. 1.

[4] Rec. Doc. 8.

1

to the motion.[5] On November 15, 2022, the Court granted Defendant Certain Underwriters at Lloyd's London ("Lloyds") and Hopeman Brothers, Inc's ("Hopeman") motions to join in Avondale's opposition.[6] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion to remand.

## I. Background

### A. Factual Background

In this litigation, Plaintiffs allege that Decedent lived with the Family Employees from 1965 to 1971, during their employment with Avondale.[7] Plaintiffs further allege that the Family Employees were exposed to asbestos and asbestos-containing products in various locations and work sites, such that they "would come home with asbestos dusts on their clothes and person, exposing [Decedent] to asbestos."[8] Plaintiffs aver this exposure to asbestos caused Decedent's mesothelioma.[9] Plaintiffs assert strict liability and negligence claims against various Defendants.[10]

---

[5] Rec. Doc. 9.

[6] Rec. Docs. 14, 15.

[7] Rec. Doc. 1-2 at 5.

[8] *Id*. at 5–6.

[9] *Id.* at 6.

[10] *See id.* at 6–13. Specifically, Plaintiffs allege, among other things, that: Avondale is liable to Plaintiffs because it "was aware or should have been aware of the dangerous condition presented by exposure to asbestos" but negligently failed to protect Decedent from exposure and warn its employees of the dangerous condition; Defendants that manufactured asbestos products are strictly liable for selling defective and unreasonably dangerous *per se* products and negligent for breaching their implied and express warranty of merchantability and failing to warn users of the products' dangers; Defendants that sold, distributed, or supplied asbestos products are liable to Plaintiffs for negligently failing to warn users of the products of their potential health hazards; McCarty Corp. is liable to Plaintiffs for affixing its brand name to asbestos product and shipping them to Avondale; Hopeman Brothers is liable to Plaintiffs for its negligence when installing asbestos-containing materials on vessels subject to construction at Avondale; Hopeman Brothers Inc.'s successor-in-interest, Wayne Manufacturing Co., is liable to Plaintiffs for manufacturing "the asbestos-containing wall board used by Hopeman Brothers and Liberty Mutual Insurance Co. is liable as the insurer of Wayne Manufacturing Co.; and Defendants who served as Avondale's executive officers are liable to Plaintiffs for negligently "[f]ailing to exercise reasonable care to ensure employees and their persons and clothing would not become contaminated with asbestos dust" and failing to warn employees "of the danger and harm to which exposure to asbestos could case to their persons and their households." *Id*. at 6–13. Plaintiffs assert only negligence claims against Avondale and its executive officers and insurers, disclaiming claims against these defendants under

### B. *Procedural Background*

Decedent filed an "Original Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on November 12, 2019 (the "Original Petition").[11] Decedent passed away on August 7, 2021, and a First Supplemental and Amended Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on December 8, 2021.[12] In the Amended Petition, Plaintiffs reassert the claims raised by Decedent in the Original Petition as a survival action pursuant to Louisiana Civil Code article 2315.1 and additionally bring a wrongful death action as a result of Decedent's death pursuant to article 2315.2.[13] A trial in state court was originally set for June 22, 2022.[14] However, on January 7, 2022, the state court granted Plaintiffs and Defendant CBS Corp.'s joint motion to continue the trial considering Decedent's death and the trial date was reset to February 6, 2023.[15]

Avondale removed the case to this Court on September 29, 2022.[16] In the Notice of Removal, Avondale asserts that "[t]his Court has subject matter jurisdiction because [this matter] is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[17] Avondale avers that it was not aware Decedent's alleged exposure to asbestos was

---

theories of strict liability. *Id*. at 13.

[11] *Id*. at 1.

[12] Rec. Doc. 4-3 at 81; Rec. Doc. 4-5 at 220–221.

[13] Rec. Doc. 4-5 at 221.

[14] Rec. Doc. 4-3 at 35.

[15] Rec. Doc. 4-6 at 86, 103.

[16] Rec. Doc. 1.

[17] *Id*. at 1. Pursuant to 28 U.S.C. § 1442(a)(1), a civil case is removable if it is against:

The United States or any agency thereof or any officer (or any person acting under that officer) of

attributable to conduct under color of federal office until Avondale received a letter from Plaintiffs' counsel on September 23, 2022 ("Plaintiffs' Letter"), stating that "although Elwin LeBeau's deposition was not taken, [Plaintiffs] were providing Dr. [James] Bruce ('Bruce') with the depositions of two former Avondale sheet metal workers named Clarence Gallien ('Gaillen') and Andrew Morgan ('Morgan')."[18] Specifically, Avondale avers that, in the letter, Plaintiffs notified Defendant that they instructed Bruce to produce an expert report based on the assumption that Elwin's work "was generally equivalent to the work performed by [Gaillen] and [Morgan]," who stated in their depositions that they worked mostly on federal vessels.[19] In the Notice of Removal, Avondale further argued that "during the relevant Avondale employment period, 1965 to 1971, approximately 74 of the 76 vessels under construction at Avondale's Main Yard—97 percent—were constructed pursuant to contracts with the federal government" and so Decedent's "exposure is necessarily attributable to asbestos products" that were used in the construction of those federal vessels.[20] Thus, Avondale concludes in the Notice of Removal that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1442(a)(1).[21]

On October 31, 2022, Plaintiffs filed the instant motion to remand.[22] On November 8, 2022,

---

the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[18] *Id*. at 3, 5–6.

[19] *Id*. at 3–4.

[20] *Id*. at 4–5.

[21] *Id*. at 6. In the Notice of Removal, Defendant also argues that removal is proper because it satisfied the other requirements necessary to establish jurisdiction under § 1442(a)(1): "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions." *See id*. (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020)).

[22] Rec. Doc. 8.

Avondale opposed the motion.[23] On November 15, 2022, the Court granted Lloyds and Hopeman Brothers' motions to join in Avondale's opposition.[24] In joining Avondale's opposition, Hopeman Brothers also filed an additional memorandum in opposition to remand.[25]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

In the instant motion, Plaintiffs argue that Avondale's removal of this matter was untimely.[26] Plaintiffs aver that Avondale's grounds for removal are premised on the notion that Decedent "alleged household exposure to asbestos from ships built at Avondale between 1965-1971, during which time '97 percent of [its ships] were constructed pursuant to contracts with the federal government.'"[27] Plaintiffs assert that "[t]hese identical grounds for removal (mere exposure at its shipyard during a period when the majority of vessels there were under construction for the federal government – without more) are regularly used by Avondale and affirmed by the Eastern District [of Louisiana]."[28] Plaintiffs argue that Avondale's removal is untimely because Avondale received notice that Plaintiffs' claims were related to the construction of vessels pursuant to contracts with the federal government on four different occasions prior to receiving Plaintiffs' Letter.[29]

First, Plaintiffs argue that Decedent's Original Petition, filed on November 2, 2019,

---

[23] Rec. Doc. 9.

[24] Rec. Docs. 14, 15.

[25] Rec. Doc. 13-1.

[26] Rec. Doc. 8-1 at 1.

[27] *Id*. at 1 (quoting Rec. Doc. 1 at 4); *see also id.* at 4–5.

[28] *Id*. at 5.

[29] *See id.* at 1–2.

5

provided notice that removal was appropriate.[30] Plaintiffs aver that the Original Petition specifically states that, "throughout the ordinary course and scope of their employment at Avondale Shipyard, [the Family Employees] were exposed to substantial quantities of asbestos fibers and asbestos dust and debris while working on ship construction."[31] Thus, Plaintiffs conclude that assuming that Avondale did not receive proper notice for removal upon receipt of the lawsuit would be "giving Avondale the benefit of a preposterous doubt."[32]

Second, Plaintiffs argue that Decedent repeated that Elwin "worked 'aboard ships'" during his deposition taken on February 18, 2020.[33]

Third, Plaintiffs argue that "Avondale responded to Plaintiffs' request for production of Elwin LeBeau's employment records" on October 15, 2019, which "affirm that Elwin LeBeau worked on the 'wet docks' (where ships are insulated) in the sheetmetal department between 1965-1971."[34]

Fourth, Plaintiffs argue that their witness and exhibit list provided to Avondale on July 14, 2022 (the "Exhibit List"), clearly identifies "that Avondale was using asbestos in the construction of every type of federal vessel that Avondale contends forms the basis of its federal officer removal, including purchase orders, invoices, receipt and/or shipping tickets showing the sale of asbestos products to Avondale for the construction of [federal vessels]."[35] Plaintiffs aver that "[t]he exhibits listed also include 'specifications for construction' of those federal vessels, which clearly

---

[30] *Id*. at 3.

[31] *Id*. (quoting Rec. Doc. 1-2 at 5–6) (emphasis omitted).

[32] *Id*. at 2.

[33] *Id.* at 4 (quoting Rec. Doc. 8-2 at 2).

[34] *Id*. (citing Rec. Doc. 8-4).

[35] *Id*. at 6–7.

suggests federal oversight of those projects."[36] Plaintiffs conclude these papers were sufficient to start the removal clock because they made it unequivocally clear that Avondale was aware of the grounds for removal alleged.[37] Finally, Plaintiff argues that nothing in Plaintiffs' Letter, "which merely reiterated the allegations set forth in Plaintiffs' petition, triggered the running of a new 30 days for removal."[38]

B.   *Avondale's Opposition to the Motion to Remand*

In the opposition memorandum, Avondale asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1).[39] First, Avondale argues that removal was procedurally proper because the Notice of Removal was timely filed and Plaintiffs' Letter triggered the removal clock.[40] Next, Avondale contends that the substantive requirements of Federal Officer Removal are met.[41] Accordingly, Avondale argues that the Court should deny the Motion to Remand. Lloyds and Hopeman Brothers join Avondale's opposition memorandum.[42]

1. **Avondale Asserts the Removal was Procedurally Proper**

    a.   **Timeliness of Removal**

Avondale argues that it timely removed this matter because no filing prior to Plaintiffs' Letter started the removal clock.[43] First, Avondale argues that the Original Petition did not start

---

[36] *Id*. at 7 (citations omitted).

[37] *See id.* at 8.

[38] *Id*. at 8–9.

[39] Rec. Doc. 9.

[40] *Id.* at 1.

[41] *Id.*

[42] Rec. Docs. 14, 15.

[43] *See* Rec. Doc. 9 at 10, 12.

7

the removal clock because it "contained no allegations that [Decedent] was exposed to asbestos from vessels that Avondale constructed for the federal government" and so "did not 'affirmatively reveal on its face' that Plaintiffs' claims were removable."[44] Avondale asserts that the allegation that the Family Employees exposed Decedent to asbestos through their work on "ship construction" did not reveal that this case is removable because there was no mention of any "federal vessel."[45] Avondale further asserts that its "subjective knowledge" of the construction of federal vessels during the alleged time period is irrelevant to the inquiry.[46]

Second, Plaintiffs argue that Decedent's deposition did not trigger the removal clock because the "vague testimony that [the Family Employees] worked aboard ships at Avondale is certainly not unequivocally clear and certain evidence that Plaintiffs are alleging exposure to asbestos from federal vessels."[47] Avondale further argues that Decedent did not even know whether the Family Employees "worked aboard ships, since they 'didn't talk about.'"[48] Therefore, Avondale concludes that Decedent's deposition did not start the removal clock because it "barely constitutes evidence that the [Family Employees] worked aboard vessels at all."[49]

Third, Avondale argues that its production of Elwin's employment records did not trigger the removal clock because "[a] defendant cannot trigger the removal clock; only a pleading or other paper *initiated by the plaintiff* is relevant."[50] Avondale also argues that these records were

---

[44] *Id*. at 10.

[45] *Id*. at 11.

[46] *Id*. (quoting *Ragusa v. La. Ins. Guaranty Ass'n*, 573 F. Supp. 3d 1046, 1054 (E.D. La. 2021)).

[47] *Id*. at 14.

[48] *Id*. (quoting Rec. Doc. 8-2 at 2).

[49] *Id*.

[50] *Id*. (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

8

produced before Plaintiffs initiated this lawsuit, and "Plaintiffs fail to discuss how a pre-litigation document production by a defendant somehow triggers the duty to remove."[51]

Fourth, Avondale argues that the Exhibit List did not trigger the removal clock because it "does nothing to unequivocally and clearly connect Plaintiffs' allegations to federal vessels."[52] Avondale cites *Labarre v. Bienville Auto Parts Inc.* to argue that another judge in the Eastern District of Louisiana rejected "this *exact* argument" because "the mere inclusion of exhibits on an exhibit list do not provide 'any explanation' as to 'how the exhibits would be used,' or how the alleged exposures were connected to Avondale's work for the federal government."[53] Thus, Avondale concludes that the Court should also reject this argument.[54]

### b.     Avondale Argues that Plaintiffs' Letter is a Proper Basis for Removal

Avondale contends that Plaintiffs' Letter properly formed the basis for permissive, but not mandatory, removal because, even though it was not unequivocally clear and certain, "it provided the first clear indication that Plaintiffs' exposure allegations relate to federal vessels."[55] Avondale contends that the Fifth Circuit has recognized the distinction between a defendant's ability to remove based on its subjective knowledge and timeliness in *Mumfrey v. CVS Pharmacy, Inc.*[56] Avondale asserts that *Mumfrey* recognizes that, although not mandatory, a defendant may remove a case "so long as they can provide competent evidence supporting jurisdiction."[57] Avondale

---

[51] *Id*. at 15.

[52] *Id*.

[53] *Id*. (quoting *Labarre v. Bienville Auto Parts Inc.*, No. 21-89, 2021 WL 1050200, at *4 (E.D. La. Mar. 19, 2021)).

[54] *See id.* at 16.

[55] *Id.* at 16–17.

[56] *Id*. at 17 (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013)).

[57] *Id*.

argues that other courts in the Eastern District of Louisiana have recognized the distinction between mandatory and permissive removal.[58] Thus, Avondale concludes that Plaintiffs' Letter, "combined with Avondale's subjective knowledge concerning the number of federal vessels under construction during the alleged time period of exposure, enabled Avondale to determine that Plaintiffs' claims must relate to federal vessels," thereby making removal permissible.[59]

### 2. Avondale Contends the Four-Part Test for Federal Officer Removal is Met

Avondale addresses whether Plaintiffs' claims satisfy the substantive elements of Federal Officer Removal "out of an abundance of caution" even though Plaintiffs do not raise the issue.[60]

### C. *Hopeman Brothers' Additional Arguments in Opposition to Remand*

Hopeman Brothers joins Avondale's opposition and asserts additional arguments in opposition to remand.[61] Specifically, Hopeman Brothers argues Federal Officer Removal "is equally applicable to [it]" because it agreed to a subcontract with Avondale to do work according to Coast Guard specifications.[62] Thus, Hopeman Brothers concludes that it "has equal standing to establish jurisdiction under the Federal Officer Removal statute."[63]

### III. Legal Standard

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any

---

[58] *Id.* at 18 (citing *Ragusa*, 583 F. Supp. 3d 1046).

[59] *Id.* at 19.

[60] *Id.*

[61] Rec. Doc. 13-1.

[62] *Id.* at 3–4.

[63] *Id.* at 5.

act under color of such office" may be removed to federal court. The purpose of the Federal Officer Removal statute is to protect the Federal Government from undue state interference of its lawful activities.[64] Before Section 1442(a)(1) was amended in 2011, a person acting under a federal officer could only remove a case to federal court if the state lawsuit was "for any act under color of such office;" after the 2011 amendment, Section 1442 allows removal of a state suit "for *or relating to* any act under color of such office."[65] According to the Fifth Circuit, "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [the phrase 'relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[66]

Unlike the general removal statute, which must be strictly construed in favor of remand, the Federal Officer Removal statute's language must be liberally interpreted.[67] Nonetheless, its "broad language is not limitless."[68] It is the removing party's burden to establish the existence of federal jurisdiction over the controversy.[69] An order remanding a case to state court that was removed pursuant to the Federal Officer Removal statue is appealable under 28 U.S.C. § 1447(d) and is reviewed *de novo* by the Fifth Circuit "without a thumb on the remand side of the scale."[70]

---

[64] *See Mesa v. California*, 489 U.S. 121, 126 (1989); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 852–53 (M.D. La. 2014), *aff'd sub nom. Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (Vance, J.).

[65] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (discussing the 2011 amendment).

[66] *Zeringue*, 846 F.3d at 793 (quotation marks omitted).

[67] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute."); *Bartel*, 64 F. Supp. 3d at 852–53; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[68] *Watson*, 551 U.S. at 147; *Winters*, 149 F.3d at 397.

[69] *Winters*, 149 F.3d at 397; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 530.

[70] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016).

The Fifth Circuit has adopted a four-part inquiry to determine whether Federal Officer Removal pursuant to 28 U.S.C. § 1442(a) is proper: "a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."[71]

Unlike removal based on diversity jurisdiction, which requires a party to remove a case within one year of the commencement of the action pursuant to 28 U.S.C. § 1446(c)(1), the time limit for removal under 28 U.S.C. § 1442(a) is governed exclusively by 28 U.S.C. § 1446(b).[72] Section 1446(b) requires that a defendant must file a notice of removal within 30 days of receiving a copy of the initial pleading. Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[73] A case may only become removable based on such "other paper" through "*a voluntary act by the plaintiff.*"[74] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[75] "The defendant's subjective knowledge cannot make an action removable.[76]

---

[71] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

[72] *See Morgan v. Huntington Ingalls, Inc.,* 879 F.3d 602, 607 (5th Cir. 2018); 28 U.S.C. § 1446(b)(1).

[73] *Id.* § 1446(b)(3).

[74] *S.W.S Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (internal citations omitted).

[75] *Morgan*, 879 F.3d at 608–09 (citations and quotations omitted).

[76] *S.W.S. Erectors*, 72 F.3d at 494 (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

## IV. Analysis

In the instant motion to remand, Plaintiffs argue that: (1) Avondale's removal was untimely; and (2) Plaintiffs' Letter did not add any new information sufficient to justify removal. The Court addresses each argument in turn.

### A. *Whether Avondale's Removal was Timely*

Avondale asserts that it timely removed this case on September 29, 2022, within 30 days of receiving Plaintiffs' Letter.[77] Avondale contends that this letter was the first "other paper" from which Avondale could ascertain that Plaintiffs are alleging asbestos exposure attributable to federal vessels.[78] Specifically, Avondale argues that Plaintiffs' Letter indicates that Plaintiffs' expert will assume that Elwin's work would have matched that of Gallien and Morgan, who testified that they worked almost exclusively aboard federal vessels.[79]

On the other hand, Plaintiffs argue that the removal was untimely.[80] Plaintiffs contend that Avondale based its removal on the Family Employee's exposure to asbestos while working on ship construction at Avondale from 1965-1971, during which time 97 percent of ship construction was on federal vessels pursuant to government contracts.[81] Therefore, Plaintiffs assert that the removal was untimely because Avondale failed to remove this matter within 30 days after: (1) receiving Plaintiffs' Original Petition indicating alleged exposure based on ship construction; (2) hearing Decedent's testimony indicating that Elwin worked "aboard ships;" (3) producing Elwin's employment records, which indicate that Elwin worked on ship installation; and (4) receiving the

---

[77] Rec. Doc. 1 at 6.

[78] Rec. Doc. 9 at 4.

[79] *Id*. at 3–4.

[80] *See* Rec. Doc. 8-1.

[81] *Id.* at 1.

Exhibit List containing documents related to federal vessels.[82]

Unlike removal based on diversity jurisdiction, which requires a party to remove a case within one year of the commencement of the action pursuant to 28 U.S.C. § 1446(c)(1), the time limit for removal under 28 U.S.C. § 1442(a) is governed exclusively by 28 U.S.C. § 1446(b).[83] Section 1446(b) requires that a defendant must file a notice of removal within 30 days of receiving a copy of the initial pleading. Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[84] A case may only become removable based on such "other paper" through "*a voluntary act by the plaintiff.*"[85] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[86] "The defendant's subjective knowledge cannot convert a case into a removable action."[87]

Here, Plaintiffs fail to establish that any of the cited "papers" started the removal clock. The Original Petition and Decedent's deposition only make it unequivocally clear and certain that Plaintiffs are alleging asbestos exposure based on the Family Employees' work on "ship construction" between 1965 and 1971.[88] Although Avondale may have known that 97 percent of

---

[82] *Id*. at 2.

[83] *See Morgan,* 879 F.3d at 607); 28 U.S.C. § 1446(b)(1).

[84] *Id.* § 1446(b)(3).

[85] *S.W.S Erectors,* 72 F.3d at 494 (internal citations omitted).

[86] *Morgan,* 879 F.3d at 608–09 (citations and quotations omitted).

[87] *S.W.S. Erectors*, 72 F.3d at 494 (citing *Chapman*, 969 F.2d at 163).

[88] Rec. Doc. 1-2 at 5–6 (Plaintiffs allege in the Original Petition that the Family Employees "were exposed to substantial quantities of asbestos fibers and asbestos dust and debris while working on ship construction."); Rec. Doc. 8-2 at 2 (Decedent testified that Elwin was "working aboard the ships" at the time Decedent and Elwin lived

ship construction during that time was on federal vessels, Avondale's "subjective knowledge cannot convert a case into a removable action."[89] On their own, these broad statements do not make it unequivocally clear that Plaintiffs are alleging asbestos exposure based on ship construction *of federal vessels*. Rather, it is entirely plausible that Plaintiffs' claims are based on Elwin's work aboard the three percent of ships that were not federal vessels, especially given that the Original Petition explicitly states that Plaintiffs disclaim "any cause of action or recovery for any injuries caused by exposure to asbestos dust that occurred in a federal enclave."[90] Thus, the Court finds that the Original Petition and Decedent's deposition did not trigger the removal clock.

Furthermore, Avondale's production of Elwin's employment records did not trigger the removal clock. Only Plaintiffs' voluntary act could trigger the removal clock.[91] Specifically, the Fifth Circuit has stated that a matter cannot be made removable "by evidence of the defendant."[92] Thus, Avondale's production of evidence did not make this matter removable.

Finally, the Exhibit List did not trigger the removal clock. Plaintiffs argue that the Exhibit List's inclusion of Avondale's asbestos purchase receipts and documentation showing the construction specifications for federal vessels clearly and unequivocally established Avondale's grounds for removal on July 14, 2022.[93] Avondale argues that, in *Labarre v. Bienville Auto Parts Inc.*,[94] another judge in the Eastern District of Louisiana rejected this argument under analogous

---

together.).

[89] *S.W.S. Erectors*, 72 F.3d at 494.

[90] Rec. Doc. 1-2 at 13.

[91] *S.W.S. Erectors*, 72 F.3d at 494.

[92] *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961).

[93] Rec. Doc. 8-1 at 6–7.

[94] No. 21-89, 2021 WL 1050200 (E.D. La. Mar. 19, 2021).

circumstances.[95] Upon review of Plaintiffs' exhibit list, the Court finds that Plaintiffs' July 14, 2022 exhibit list did not trigger the removal clock. In *Labarre*, the court found that the plaintiff's witness and exhibit list, which contained "many references to federal vessels," did not trigger the removal clock.[96] The court reasoned that, "without any explanation as to what the witnesses would testify or how the exhibits would be used, there is nothing in the lists that identifies the federal vessels as a claimed source of [] exposure to asbestos."[97] Thus, the court concluded that "the lists were not nearly descriptive enough" to meet the unequivocally clear and certain standard for removal.[98]

Likewise, Plaintiffs provided Defendants with a 68 page list of exhibits containing no descriptions as to how any of those exhibits would be used.[99] Specifically, the exhibits that Plaintiffs argue triggered the removal clock were "[p]urchase orders, invoices, receipts, and/or shipping tickets showing the sale of asbestos products to Avondale" for construction of federal vessels and "specifications" for jobs related to those ships.[100] However, the Exhibit List also appears to include identical listings for non-federal vessels.[101] Thus, the lists do not make it unequivocally clear and certain that Plaintiffs are alleging that federal vessels were the alleged source of exposure to asbestos. Rather, these exhibits could have been used to establish "the

---

[95] Rec. Doc. 9 at 15.

[96] *Labarre*, 2021 WL 1050200, at *4.

[97] *Id*.

[98] *Id*.

[99] *See* Rec. Doc. 8-5 at 23–90.

[100] *See* Rec. Doc. 8-1 at 6–7; *see also* Rec. Doc. 8-5 at 45–51.

[101] *See, e.g.*, Rec. Doc. 8-5 at 47.

general work practices of the shipyard."[102] Therefore, the Court finds that the Exhibit List did not trigger the removal clock because it did not clearly and unequivocally establish the existence of federal officer jurisdiction.[103] Accordingly, the Court finds that the Notice of Removal was timely filed.

B.     *Whether Plaintiffs' Letter Justified Removal*

Plaintiffs also argue that Plaintiffs' Letter did not add any new information to justify removal. However, Plaintiffs do not dispute that the elements of Federal Officer Removal pursuant to 28 U.S.C. § 1442(a) are satisfied.[104] In fact, Plaintiffs correctly acknowledge that Avondale's grounds for removal—exposure based on a person's work at a shipyard during a period where the majority of construction was on federal vessels—"are regularly used by Avondale and affirmed by the Eastern District [of Louisiana]."[105] Accordingly, given that Plaintiffs do not contest the substantive basis for jurisdiction under Section 1442, the Court finds that Avondale adequately alleges the substantive elements of Federal Officer Removal.[106]

The Court also disagrees that Plaintiffs' Letter does not add any new information to justify removal. Plaintiffs' Letter, coupled with Morgan and Gallien's testimony, is the first unequivocal

---

[102] *Labarre*, 2021 WL 1050200, at *4.

[103] *Id*.

[104] The Fifth Circuit has adopted a four-part inquiry to determine whether removal pursuant to 28 U.S.C. § 1442(a) is proper: "a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."

[105] Rec. Doc. 8-1 at 5 (citing *Bourgeois v. Huntington Ingalls Inc.,* No. 20-1002, 2020 WL 2488026, at *2–6 (E.D. La. May 14, 2020).

[106] *See Ragusa v. La. Ins. Guaranty Ass'n*, 573 F. Supp. 3d 1046, 1052 (E.D. La. 2021) ("[C]ourts have consistently held that [Avondale is] entitled to removal under the Federal Officer Removal Statute."); *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296–298 (5th Cir. 2020) (holding that Avondale was acting under a federal officer in constructing federal vessels, that a plaintiff's negligence claims are related to those actions under the color of federal office, and that the *Boyle* defense asserted by Avondale based on substantially similar evidence was a colorable federal defense); *Labarre*, 2021 WL 1050200, at *1–3.

and clear indication of Plaintiffs' intent to link the Family Employees' exposure to asbestos to their work on *federal* vessels. Specifically, Plaintiffs' Letter compares the Family Employees to other employees who worked mostly on federal vessels.[107] Thus, unlike the "other papers" cited by Plaintiffs, Plaintiffs' Letter did trigger the removal clock. Regardless, even if Plaintiffs' Letter did not add any new information to trigger the removal clock, it was still permissible for Avondale to remove the matter. "[E]ven if the thirty-day clock has not started to run, removal is proper if a defendant is able to show why the case is removable."[108] Therefore, because Avondale has demonstrated that this matter is removable under 28 U.S.C. § 1442(a), removal is proper.

### V. Conclusion

For the foregoing reasons, Avondale timely removed this matter over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[109] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 11th day of January, 2023.

        **NANNETTE JOLIVETTE BROWN**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**

---

[107] *See* Rec. Doc. 1-5.

[108] *Ragusa*, 573 F. Supp. 3d at 1052 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)).

[109] Rec. Doc. 8.